Fred Randle ALLEN *v.* STATE of Arkansas

CA CR 92-404                                        842 S.W.2d 468

Court of Appeals of Arkansas
Division II
Opinion delivered December 23, 1992

*William L. Wharton,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Didi Sallings,* Asst. Att'y Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant Fred Allen was convicted by a jury of arson and sentenced to six years imprisonment. He argues on appeal that the trial court erred in denying his motion for a directed verdict based on the insufficiency of the State's evidence. We affirm.

In reviewing the denial of a motion for directed verdict, we consider the evidence in the light most favorable to the appellee and affirm the trial court's decision if there is substantial evidence to support the conviction. *Safely* v. *State,* 32 Ark. App. 111, 797 S.W.2d 468 (1990). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resort to speculation or conjecture. *Id.*

A person commits arson if he starts a fire or causes an explosion with the purpose of destroying or otherwise damaging an occupiable structure that is the property of another person. Ark. Code Ann. § 5-38-301 (Supp. 1991). The State alleged that appellant started a fire in the home of his parents with the purpose of destroying or damaging the home, and that the fire caused damage in an amount between $20,000 and $100,000. Appellant argues that the State failed to put on evidence sufficient to overcome the common law presumption against arson.

In *Ross* v. *State,* 300 Ark. 369, 779 S.W.2d 161 (1989), the supreme court stated that in order to overcome the common law presumption against arson, the State must prove not only the burning of the building, but also that it was burned by the willful act of some person criminally responsible for his acts, and not by natural or accidental causes. 300 Ark. at 377. At appellant's trial, the State presented the testimony of Linda Cook, a neighbor of appellant's parents, who testified that she saw appellant and his wife, Becky, having what she described as a "deep conversation" on the night of the fire. She said after appellant spoke on the telephone a couple of times, Becky left and appellant appeared to be "aggravated." After this, Ms. Cook saw appellant come and go from the house four or five times, driving fast and "throwing

gravel." The second to the last time Ms. Cook saw appellant come back carrying a sack. The bedroom light went on and off, then the light in the kitchen. The last time appellant left, he turned out all the lights and sped away. L. G. Caldwell, another neighbor, also testified that around that same time appellant was going in and out a lot, "racing around up and down the streets." Shortly after appellant left the last time, both witnesses heard sirens and saw smoke coming from the Allen residence.

Becky Allen testified that appellant had been drinking the night of the fire and that they had argued because he wanted to use her car. She also testified that when she saw Mr. and Mrs. Allen, appellant's parents, the next morning, Mr. Allen said, "He's burned our home," and Mrs. Allen said, "I can't believe he's done this to us." Both of appellant's parents denied making these statements.

The State also presented the testimony of expert witness Lieutenant Harvis Jacks, an inspector with the Little Rock Fire Department. Lt. Jacks testified that he was called in on the case due to the suspicious nature of the fire. The house was locked when firemen arrived and a bedroom had been ransacked. Lt. Jacks investigated this bedroom and determined that a mattress in the room was the point of origin of the fire. He described the fire in the mattress as a free-burning fire, which occurs when something is ignited on top of the mattress. Due to the nature of the fire and the surrounding circumstances, Lt. Jacks believed the fire was intentionally set. He investigated the scene for any other possible cause of the fire and could find none. However, he did find a partially used bottle of charcoal lighter fluid in the dining area of the house.

Considering all the testimony, the evidence presented by the State is sufficient to meet the requirements set forth in *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161, to overcome the common law presumption against arson. We cannot say the trial court erred in denying appellant's motion for a directed verdict.

Affirmed.

COOPER and JENNINGS, JJ., agree.